UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HAROLD JOHN HUMPHREY, JR.,

                    Petitioner,

    v.                                                                                       07-CV-1200

BRIAN FISHER,

                    Defendants.
_____

THOMAS J. McAVOY,
Senior United States District Judge


**DECISION & ORDER**

**I.    INTRODUCTION**

This *pro se* petition for a *writ of habeas corpus* pursuant to 28 U.S.C. § 2254 was referred to the Hon. David R. Homer, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.4. Magistrate Judge Homer's Report-Recommendation and Order recommends that the petition be denied and dismissed, and that no certificate of appealability be issued. See Rep. Rec. [dkt. # 23]. Petitioner has filed objections and supplemental objections to the Report-Recommendation and Order. See Obj. [dkt. # 24]; Suppl. Obj. [dkt. # 26].

**II.    STANDARD OF REVIEW**

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28

1

U.S.C. § 636(b)(1)(C); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.1997)(The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.). "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Machicote v. Ercole, 2011 WL 3809920, at * 2 (S.D.N.Y., Aug. 25, 2011)(citations and interior quotation marks omitted); DiPilato v. 7-Eleven, Inc., 662 F. Supp.2d 333, 340 (S.D.N.Y. 2009)(same). By the same reasoning, a party may not advance new theories that were not presented to the magistrate judge in an attempt to obtain this second bite at the apple. See Calderon v. Wheeler, 2009 WL 2252241, at *1, n. 1 (N.D.N.Y. July 28, 2009);[1] Green v. City of New York, 2010 WL 148128, at * 4 (E.D.N.Y. Jan. 14, 2010)("[N]ew claims . . . presented in the form of, or along with, 'objections . . .' should be dismissed.")(citations omitted).

General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error. Farid v. Bouey,

---

[1] As Judge Suddaby noted in Calderon:

On *de novo* review, "[t]he judge may ... receive further evidence ...." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. See, e.g ., Paddington Partners v. Bouchard, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters, 894 F.2d 36, 40, n. 3 (2d Cir.1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

2


554 F. Supp. 2d 301, 306 n. 2 (N.D.N.Y. 2008); see Frankel v. N.Y.C., 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009). After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

### III. DISCUSSION

With this standard in mind, and after having reviewed Petitioner's objections and supplemental objections, the Court determines to adopt the recommendations for the reasons stated in Magistrate Judge Homer's thorough report. Petitioner has not pointed any error in Magistrate Judge Homer's analysis, and the Court finds that those portions of the Report-Recommendation and Order that Petitioner has chosen to reargue are not clearly erroneous. To the extent Petitioner's objections raise new arguments or theories not presented in the Petition or in the traverse in opposition to the respondent's motion, the arguments or theories are rejected because Petitioner has not provided a valid justification for failing to raise these issues previously.

### IV. CONCLUSION

Therefore, the Court **ADOPTS** the recommendations made by Magistrate Judge Homer. For the reasons set forth above and as set forth in Magistrate Judge Homer's Report-Recommendation and Order, the petition is **DENIED and DISMISSED**. The Court determines that the petition presents no question of substance for appellate review and that Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Fed. R.App. P. 22(b). Accordingly, a **certificate of**

**appealability will not issue.** Petitioner's letter motion for an evidentiary hearing [dkt. # 27] is **DENIED as moot.**

**IT IS SO ORDERED**

**Dated:** September 12, 2011

Thomas J. McAvoy
Senior, U.S. District Judge